**John ASZTALOS and Pamela Ann Asztalos, Plaintiffs–Appellants,**

v.

**BRYANT & STRATTON BUSINESS INSTITUTE, INC., Defendant–Appellee.**

No. 00–9187.

United States Court of Appeals, Second Circuit.

June 18, 2001.

Gerald T. Walsh, Zdarsky, Sawicki, & Agostinelli, Buffalo, NY, for appellant.

Richard G. Collins, of Counsel to Donald A. Alessi, Buffalo, NY, for appellee.

Present LEVAL, PARKER, Circuit Judges, and CEDARBAUM,* District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiffs-appellants, John Asztalos and Pamela Asztalos appeal from an August 14, 2000 judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge* ) granting defendant-appellee, Bryant & Stratton Business Institute, Inc. ("B & S"), summary judgment.

Plaintiffs-appellants filed a complaint in district court seeking relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq., and

---

* The Honorable Miriam Goldman Cedarbaum, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

New York Executive Law § 296 ("N.Y. Human Rights Law" or "NYHRL") as a result of B & S's decision to fire John Asztalos ("Asztalos"). Asztalos alleged that his rights under the ADA and NYHRL were violated when he was fired and by the manner in which B & S addressed his sick pay, severance, and long term disability insurance after he was terminated. Pamela Asztalos raised a loss of consortium claim based on the ADA and NYHRL claims of her husband. Finally, Asztalos alleged that his rights under the FMLA were violated because B & S did not grant him leave under the FMLA.

The case was referred to Magistrate Judge Carol Heckman pursuant to 28 U.S.C. § 636(b)(1) on March 2, 1998. On March 3, 1999, B & S filed a motion for summary judgment. On September 15, 1999, Magistrate Judge Heckman filed a Report and Recommendation ("R & R"), recommending that B & S's motion for summary judgment be granted.[1] Plaintiffs filed objections to the R & R, defendants filed a response thereto, and oral arguments on the objections were heard by Judge Arcara. On August 11, 2000, Judge Arcara issued an opinion in which he (1) conducted a de novo review of those portions of the R & R to which objections had been filed, (2) granted summary judgment as to those portions of the R & R to which objections had been filed and (3) accepted Magistrate Judge Heckman's recommendation for summary judgment as to those portions of the R & R to which objections had not been filed. This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

As for all of appellants' arguments, except for their ADA claims, we affirm for substantially the same reasons as stated in the district court opinion. *See Asztalos et al. v. Bryant and Stratton Business Institute, Inc.*, No. 98–CV–74A (W.D.N.Y. August 11, 2000).

With respect to plaintiffs' ADA claim, this Court has held that " 'the plaintiff bears the burden of proving ... that an accommodation exists that permits her to perform the job's essential functions.' " *Jackan v. New York State Dept. of Labor,* 205 F.3d 562, 566 (2d Cir.2000) (quoting *Borkowski v. Valley Cent. Sch. Dist.,* 63 F.3d 131, 137–38 (2d Cir.1995)). An ADA "claim fails unless the plaintiff establishes that an effective accommodation exist[ed] that would render [him] otherwise qualified. The burden of persuasion on the existence of an effective accommodation is not satisfied by mere speculation." *Jackan,* 205 F.3d at 566. Because plaintiffs did not meet their burden of establishing that a reasonable accommodation exists that would render Mr. Asztalos capable of performing the essential functions of his job, the district court's grant of summary judgment on plaintiffs' ADA claim was proper.

For the reasons set forth above, the judgment of the district court is AFFIRMED.

---

1. Although Magistrate Judge Heckman recommended denial of summary judgment on the issue of whether Asztalos was a "qualified individual with a disability" under the ADA, she found, as a matter of law, that plaintiffs' communications with B & S were not requests for reasonable accommodations and that B & S had legitimate reasons for discharging Asztalos. Magistrate Judge Heckman also recommended dismissal of plaintiffs' FMLA and derivative claims.